**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

CX REINSURANCE COMPANY LIMITED    *
                                           *
                                           *
           v.                            *         Civil No. – JFM-17-363
                                           *
B&R MANAGEMENT, INC.                   *
                                         ******

## MEMORANDUM

        This is an action brought by CX Reinsurance Company Limited seeking a declaration

that it is not obligated to provide a defense to, or to indemnify, Jessica-Carl, Inc., Nancy Oring,

Renee King, and Alvin Lapidus ("the named insureds") for claims asserted by Sean Nicholson in

the Circuit Court for Baltimore City for injuries which Nicholson alleges he sustained due to

exposure to paint and dust containing lead or lead pigment. CX has filed a motion for summary

judgment prior to the conducting of discovery. Jessica-Carl, Inc., Lapidus, Oring, and Nicholson

have opposed the motion. King has filed a motion to dismiss that has been denied. Unity

Properties, Inc. and George Kleb, defendants in this action and in the underlying Baltimore City

action, have answered the complaint. The other defendants have not entered an appearance.

        Plaintiff's motion for summary judgment will be granted.

        Sean Nicholson instituted an action against the named insureds alleging that he was

injured by exposure to lead or lead-based paint at premises known as 1813 West Mosher Street

in Baltimore, Maryland which was owned by the named insureds. CX provided insurance for the

property. The insurance policy provided an exclusion for "bodily injury . . . arising out of the

ingestion, inhalation, absorption of, or exposure to, lead, lead-paint or other lead-based products

of any kind, form or nature whatsoever." An exception to the exclusion applied "for bodily

injury, a lead level in blood, bone or body tissue in excess of the 'safe level' [that] is first diagnosed by a State licensed physician or other State licensed health care provider during this policy period." The term "safe level" is further defined in the policy to mean "10 micrograms of lead per deciliter of blood as prescribed by the Centers for Disease Control."

The burden is on the insured to show that the exception to the exclusion applies. *See CX Reinsurance Company, Ltd. v. Heggie*, 2016 W L 6025488 (D. Md. Oct. 14, 2016); *CX Reinsurance v. Levitas*, 207 F. Supp. 3d 566 (D. Md. 2016), *aff'd sub nom. CX Reinsurance Co. Ltd. v. Loyal*, No. 16-2180, 2017 WL 2445874 (4th Cir. June 6, 2017); *CX Reinsurance Co. Ltd v. Camden Management Services, LLC*, 2014 WL 5510914 (D. Md. Oct. 30, 2014). The named insureds have not done so here.[1] I believe that these decisions are correctly decided. Accordingly, CX's motion will be granted.

A separate order effecting the ruling made in this memorandum is being entered herewith.

Date: _September 21, 2017_

_J. Frederick Motz_
United States District Judge

2017 SEP 21 PH 3: 59

---

[1] CX has provided information that it would be impossible to make such a showing since in 1997 Nicholson's lead level exceeded the 10 micrograms of lead per deciliter of blood prescribed as the "safe level" as defined in the policy. CX does not, however, rely upon this information but rather upon the named insureds failure to meet their burden of proof.